IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A.M.L., <br><br> Petitioner, <br><br> vs. <br><br> MINGA WOFFORD, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-03478-MWJS <br> ORDER GRANTING PETITION FOR <br> WRIT OF HABEAS CORPUS <br><br> A# 209-411-387 |

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Jose A.M.L.[1] is an immigration detainee proceeding with a petition for

writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an

application for temporary restraining order ("TRO application"), Dkt. No. 3.  In May

2021, Petitioner entered the country and was granted humanitarian parole under

8 U.S.C. § 1182(d)(5)(A).  Dkt. No. 1, at pg. 5.  Since then, Petitioner has complied with

all conditions imposed on him by immigration authorities, including regular reporting

requirements.  *Id.* at pgs. 5–6.  During a routine check-in in April 2026, U.S. Immigration

and Customs Enforcement arrested and detained Petitioner.  *Id.* at pg. 6.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention without a pre-deprivation hearing violated his due process rights. *Id.* at pg. 10. This court and many other district judges have granted relief in cases analogous to this one. *See, e.g.*, *Elisbel S.V. v. Chestnut*, No. 1:26-cv-03100-MWJS (E.D. Cal.); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *R.A.N.O. v. Wofford*, No. 1:25-cv-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Robles-Rodriguez v. Lyons*, No. 1:25-cv-02001-KES-SAB (HC), 2026 WL 303482 (E.D. Cal. Feb. 4, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 8. The court appreciates Respondents' prompt and candid response. Dkt. No. 10. In their response, although Respondents maintain that Petitioner's detention is lawful, they acknowledge that the facts in this case are "not substantively distinguishable from the prior orders referenced by the [c]ourt." *Id.* at pg. 1.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED

that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count 1, for the reasons stated in those prior orders.  Because it is unnecessary to resolve the other counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Jose A.M.L. (A# 209-411-387) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

//

//

//

//

Given the foregoing, Petitioner's TRO application, Dkt. No. 3, is DENIED AS

MOOT.  The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner.

 IT IS SO ORDERED.

DATED:  May 8, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03478-MWJS; *Jose A.M.L. v. Wofford,* et al.; ORDER GRANTING
PETITION FOR WRIT OF HABEAS CORPUS